

FILED
2024 Feb-06  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROLAND EDGER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 5:19-cv-01977-LCB |
| KRISTA MCCABE & | ) | |
| CAMERON PERILLAT, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT

 s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
(256) 764-4141

*Attorney for Plaintiff*

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF UNDISPUTED FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      Because the Eleventh Circuit Held That Defendants McCabe and Perillat Lacked Probable Cause and Arguable Probable Cause to Arrest Edger for Any Crime, Edger Is Entitled to Summary Judgment as to Liability on His § 1983 False Arrest Claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ROLAND EDGER,               )
                                  )
     Plaintiff             )
                                    )
v.                           )
                                  )   CASE NO. 5:19-cv-01977-LCB
KRISTA MCCABE &      )
CAMERON PERILLAT,     )
                                  )
     Defendants.      )

## PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 56, plaintiff requests that the Court grant summary judgment as to liability on plaintiff's 42 U.S.C. § 1983 false arrest claim against defendants McCabe and Perillat, stating as follows:

## INTRODUCTION

Roland Edger, a mechanic working on a customer's car in a church parking lot, was arrested by Huntsville Police Department officers Krista McCabe and Cameron Perillat for refusing to immediately provide his driver's license when defendant McCabe demanded it. The Eleventh Circuit has held that Edger's Fourth Amendment rights were violated, and the law-of-the-case doctrine requires that this Court enter judgment in Edger's favor as to liability on plaintiff's § 1983 false arrest claim.

## STATEMENT OF UNDISPUTED FACTS[1]

1.     On June 10, 2019, at 8:05 p.m., a security guard at Progressive Union Baptist Church in Huntsville, Alabama called to report that two Hispanic males were "messing with" an employee's car. He stated that they had taken a wheel off and were under the car. [Def. Ex. G-1(911 call) / 0:00-1:02; Def. Ex. C-2 (Calls for Service Report) / Pg. 1]

2.     When asked if weapons were involved, the security guard noted that they probably had a tire iron for taking the tire off. [Def. Ex. G-1 (911 call) / 1:28-1:36]

3.     The security guard stated he just wanted an officer to check the subjects out. [Def. Ex. G-1 (911 call) / 3:24-28]

4.     The subjects were Roland Edger, the plaintiff, and his stepson, Justin Nuby.

5.     Edger is a mechanic, among other things, and manages Auto Collision Doc in Huntsville. [Def. Ex. A (Edger Dep.) / Pg. 17-20]

6.     One of Edger's customers was a church employee. The customer left the car key for Edger in an envelope at the front desk. At around 2:00 p.m., Edger went to the church and retrieved the key. [Def. Ex. A (Edger Dep.) / Pg. 60-63]

7.     Edger then inspected the car and realized he would need to return to the

---

[1] Plaintiff's evidentiary citations are to defendants' submission. [Doc. 28]

shop for additional tools. Edger pitched the envelope in the car, locked the car, and then left, keeping the key in his possession. [Def. Ex. A (Edger Dep.) / Pg. 66-67]

8.      Edger, with Nuby to assist him, returned to the location before 8:00 p.m. and started working on the car. [Def. Ex. A (Edger Dep.) / Pg. 68-70]

9.      After a few minutes, Nuby informed Edger that a security car had shown up. [Def. Ex. A (Edger Dep.) / Pg. 80]

10.      The security car was actually a Huntsville Police Department cruiser driven by defendant McCabe. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:23-37]

11.      McCabe understood that the security guard called about someone working on a car and that her job was to verify that. [Def. Ex. J-1 (McCabe Body Cam) / 20:58:50-56]

12.      As Edger was facing the customer's car with his back towards McCabe, Edger heard defendant McCabe ask him what he was doing. Edger responded that he was getting the car fixed, which he said was a customer's car and gave the name (Ghosh Patel). [Def. Ex. J-1 (McCabe Body Cam) / 20:36:23-37]

13.      McCabe asked about the car that was parked nearby, and Edger told her it was his. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:43-47]

14.      McCabe watched Edger jacking up the car until the car fell off the jack, at which time McCabe asked Edger and Nuby if they had driver's licenses or IDs on

3

them. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:47-37:34]

15.  Edger was placed under arrest less than 30 seconds after McCabe asked if Edger had ID on him. [Def. Ex. J-1 (McCabe Body Cam) / 20:37:34-37:55]

16.  Defendant Perillat arrived as McCabe was initially requesting Edger's ID or license. [Def. Ex. J-1 (McCabe Body Cam) / 20:37:34; Def. Ex. J-4 (Perillat Body Cam) / 20:11:55-12:20]

17.  Rather than asking Edger his name, his employer, or anything else to determine if there was any criminal activity afoot, McCabe demanded that Edger provide his driver's license. [Def. Ex. J-1 (McCabe Body Cam) / 20:37:34-37:55]

18.  When Edger resisted providing his ID and tried to get McCabe to call the owner of the car, McCabe and Perillat placed Edger under arrest. [Def. Ex. J-1 (McCabe Body Cam) / 20:38:00-02; Def. Ex. J-4 (Perillat Body Cam) / 20:11:55-12:20]

19.  This is the complete exchange that took place prior to the arrest:

Nuby:       How you doing?
McCabe:     Good. How are y'all doing?
Nuby:       Pretty good . . . How you doing?
McCabe:     What are y'all doing?
Edger:      Huh?
McCabe:     What are y'all doing?
Edger:      Getting the car fixed.
McCabe:     Is this your car?
Edger:      Yeah, Well, it is one of my customer's.

4

| | |
|---|---|
| McCabe: | One of your customer's? |
| Edger: | Ghosh Patel, yep. I was over here earlier. |
| McCabe: | Whose car is that? |
| Edger: | That's mine. |
| McCabe: | The black one? |
| Edger: | Yeah. |
| Nuby: | You need me to do [inaudible]? |
| Edger: | I'm trying to . . . I need you to hold it right there. |
| McCabe: | Alright. Take a break for me real fast and do y'all have driver's license or IDs on you? |
| Edger: | I ain't going to submit to no ID right now. Listen, you call the lady right now. Listen, I don't have time for this. I don't mean to be mean, rude, or ugly, but |
| McCabe: | Okay. No, you do need to give me your ID or driver's license. |
| Edger: | I don't mean to be . . . No, I don't. Listen, I don't want you to run me in for nothing. |
| McCabe: | Are you refusing me, are you refusing to give me your ID or driver's license? |
| Edger: | I'm telling you that if you will call this lady that owns this car . . . |
| McCabe: | Step over that way. |

[Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

20.    As the exchange shows, Edger only refused to provide a physical object, an ID card, and never refused to provide any information. To the contrary, Edger tried to assist the officers in confirming there was no crime, explaining what he was doing and trying to get the officers to call the owner of the vehicle. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

21.    After Edger did not immediately provide ID, Perillat and McCabe

5

handcuffed Edger. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:47-20:37:34)]

22.     Edger then immediately agreed to provide ID. [Def. Ex. J-1 (McCabe Body Cam) / 20:38:00-02]

23.     The officers retrieved Edger's ID from his wallet shortly thereafter. [Def. Ex. J-4 (Perillat Body Cam) / 20:14:20-29]

24.     The officers stated or implied numerous times that Edger was arrested for refusing to provide an ID card. [*See*, *e.g.*, Def. Ex. J-1 (McCabe Body Cam) / 20:41:45-42:04, 45:43-49, 45:58-46:06, 46:49-55, 20:51:28-37, 20:51:55-52:02, 21:02:57-03:02, 21:03:30-34; Def. Ex. J-4 (Perillat Body Cam) / 20:18:15-19:30, 20:25:10-28, 20:25:49-20:26:15]

## ARGUMENT

**Because the Eleventh Circuit Held That Defendants McCabe and Perillat Lacked Probable Cause and Arguable Probable Cause to Arrest Edger for Any Crime, Edger Is Entitled to Summary Judgment as to Liability on His § 1983 False Arrest Claim.**

The facts are undisputed. *Edger v. McCabe*, 84 F.4th 1230, 1233 (11th Cir. 2023) ("The facts of this case are not in dispute, as the entirety of the encounter between Mr. Edger and the police was captured on the police officers' body-worn and dash cameras. Both Mr. Edger and the defendants agree that the video and audio evidence from these cameras is authentic."). The Eleventh Circuit, applying the law to these undisputed facts, held that defendants "violated Mr. Edger's clearly established Fourth Amendment rights when they arrested him with neither actual, nor arguable, probable cause." *Id.* at 1240. Under the law-of-the-case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (citation omitted). "When a court decides a question of law, the only means by which the law-of-the-case doctrine can be overcome is if: (1) since the prior decision, 'new and substantially different evidence is produced, or there has been a change in the controlling authority'; or (2) 'the prior decision was clearly erroneous and would result in a manifest injustice.'" *This That And The Other Gift And Tobacco, Inc. v.*

7

*Cobb Cnty., Ga.*, 439 F.3d 1275, 1283-84 (11th Cir. 2006) (quoting *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir.2000) (citations omitted)). Accordingly, because the issues of probable cause and arguable probable cause have been decided by the Eleventh Circuit in plaintiff's favor and no exception to the law-of-the-case doctrine applies, this Court should enter judgment finding defendants liable on plaintiff's § 1983 false arrest claim and limiting trial of this case to the issue of damages, compensatory and punitive. (Plaintiff will voluntarily dismiss his state law false arrest claim.)

## CONCLUSION

For the above-stated reasons, this Court should grant plaintiff's motion and enter judgment against McCabe and Perillat and for plaintiff as to liability regarding plaintiff's § 1983 false arrest claim against defendants.

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Henry F. (Hank) Sherrod III