FILED
2024 Feb-28 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROLAND EDGER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 5:19-cv-01977-LCB |
| KRISTA MCCABE; | ) |
| CAMERON PERILLAT; and the | ) |
| CITY OF HUNTSVILLE, | ) |
| ALABAMA, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

 s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
(256) 764-4141

*Attorney for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RESPONSE TO DEFENDANTS' STATEMENT OF ADDITIONAL FACTS . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   The Issues of Probable Cause and Arguable Probable Cause Were Decided by the Eleventh Circuit, and the Law-of-the-Case Doctrine Prohibits Defendants from Adding New Alleged Crimes on Remand. . . . . . . . . . . . . . . . . . . . . . . . 5

II.  Because the Municipal Ordinances Cited by Defendants Do Not Include a Punishment, They Are Facially Unconstitutional.. . . . . . . . . . . . . . . . . . . . . . 7

III. The Alabama Stop and Identify Statute, as Construed by the Eleventh Circuit, Precludes Defendants from Making Any Probable Cause Argument Based on Edger's Refusal to Provide an ID Card.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  Even if the Ordinances Were Not Facially Unconstitutional, Defendants Did Not have Probable Cause or Arguable Probable to Arrest Edger for Violating Them or Ala. Code § 32-8-83.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROLAND EDGER, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) CASE NO. 5:19-cv-01977-LCB |
| KRISTA MCCABE;<br>CAMERON PERILLAT; and the<br>CITY OF HUNTSVILLE,<br>ALABAMA, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff submits the following reply in support of plaintiff's motion for partial summary judgment:

### INTRODUCTION

Defendants all but concede the legal issues of probable cause and arguable probable cause were conclusively decided by the Eleventh Circuit for the crimes upon which they originally relied in seeking summary judgment. So now defendants claim to have found other crimes for which Edger could have been arrested. The law-of-the-case doctrine, however, prohibits defendants from making new legal arguments on remand. Even if additional crimes could be considered, the municipal ordinances are facially unconstitutional, and, in any event, defendants lacked probable cause and

arguable probable cause to arrest Edger for violating the cited code and statutory provisions.

## RESPONSE TO DEFENDANTS' STATEMENT OF ADDITIONAL FACTS

Plaintiff disputes defendants' additional facts as follows:

6. Disputed. McCabe observed two men working on a car.

12. Disputed that Edger jumped up, stepped toward McCabe, threw his hand up, or slapped his thigh. Also disputed that there was anything suspicious or threatening about the way Edger got up, as defendants try to imply. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

13. Disputed that McCabe's alleged subjective interpretation is relevant, as an objective standard controls. Also disputed that this is how McCabe actually interpreted Edger's actions. McCabe sought an ID card, and Edger refused to provide an ID card. McCabe never asked Edger's name. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

15. Disputed that Edger's alleged subjective intention is relevant, as an objective standard applies.

17. Disputed that McCabe's alleged subjective belief is relevant, as an objective standard controls. Also disputed that this is what McCabe actually believed.

McCabe had not started to investigate. She apparently believed (mistakenly) that she was legally entitled to demand that Edger produce an ID card **before** making any effort to confirm that Edger was working with permission on the car. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

18. Disputed that defendants' characterization of Edger's movements is accurate. Also disputed that there was anything suspicious or threatening about the way Edger moved, as defendants are trying to imply.

19. Disputed that McCabe's alleged subjective feeling is relevant, as an objective standard controls. Also disputed that McCabe actually felt threatened by Edger, as Edger did nothing threatening and McCabe's statements and actions are not consistent with feeling threatened. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

20. Disputed that Edger confirmed he was refusing to provide his ID card. Edger stated, "I'm telling you that if you will call this lady that owns this car . . ." [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

21. Disputed that Edger did not respond to the confirmation request. Edger stated, "I'm telling you that if you will call this lady that owns this car . . ." [Def. Ex.

3

J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

22. Disputed that Edger was ever requested to "identify" himself. Disputed that Edger was requested to submit to a warrants check and that McCabe was entitled to seize Edger to conduct one. More generally, disputed that Edger in any way impeded any investigation. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

23. Disputed that Edger refused to look at McCabe. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55] Disputed that Edger's hand movements were distracting, [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55], and any intended implication that there was something suspicious or threatening about Edger's movements. Disputed that Perillat's alleged interpretation of Edger's demeanor and physical actions is material. Disputed that Edger's conduct was fairly interpreted as anything other than a refusal to provide an ID card.

24. Disputed that McCabe's alleged subjective conclusions are material. Disputed that a reasonable officer would conclude Edger did not intend to cooperate with the investigation. Edger tried to assist the officers by putting them in touch with the customer. Disputed that Edger's demeanor and physical actions were reasonably interpreted as a refusal to cooperate with an investigation. [Def. Ex. J-1 (McCabe

4

Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)] For the officers to verify that he was lawfully working on the car, Edger would have needed to supply his name, which he was willing to do had he been asked. [Def. Ex. A / Pg. 139 ("If she would have called the owner of the car, she would have needed to know my name, I would have stated my name.")] Disputed that Edger in any way impeded McCabe's investigation into whether Edger was lawfully present. McCabe made the choice to demand ID rather than ask questions.

25. Admitted that McCabe decided to arrest Edger. Otherwise disputed. Edger did not provide an ID card; he did not refuse to submit to an identification. [Def. Ex. J-1 (McCabe Body Cam) / 20:36:10-37:55; Def. Ex. A-4 (McCabe Body Cam Transcript)]

26. Disputed that Edger's alleged subjective intention is relevant, as an objective standard applies.

## ARGUMENT

**I. The Issues of Probable Cause and Arguable Probable Cause Were Decided by the Eleventh Circuit, and the Law-of-the-Case Doctrine Prohibits Defendants from Adding New Alleged Crimes on Remand.**

The legal issues of probable cause and arguable probable cause were fully litigated based on an undisputed set of facts. Defendants now seek to make new legal arguments regarding these issues. They claim to have identified other crimes for

which there was probable cause, crimes not considered by this court or the Eleventh Circuit. Thus, defendants are not raising a new legal issue that was outside the scope of the appeal. Rather, they are attempting to make new legal arguments they could have made.

Defendants argue they can repeatedly plumb the depths of the Alabama and Huntsville city codes indefinitely, never being bound by an appellate court's determination in a prior appeal that probable cause was lacking so long as it can find some other statute or ordinance to argue. This is not the law. Defendants had their bite at the apple. The law-of-the-case doctrine does not permit them to take another one by making new legal arguments. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 846-47 (11th Cir. 2018) ("First, the defendants did not make either of those arguments in their briefs when the case was before this Court the first time, before our first decision. They could have. Instead, they contended that the *99 Cent* decision was distinguishable because of 'numerous factual and legal differences,' none of which involved these arguments. They argued that the '[d]istrict [c]ourt properly distinguished *99 Cent* from the case at bar, and found that it was not controlling,' but the court did not do so based on any of the reasons they now assert. The defendants also could have made their new, belated arguments in a petition for rehearing after our decision was issued. But they didn't bother to file one.

**Apparently, their idea of a good strategy is not to fire all of one's shots in the court of appeals but to save a couple of rounds to shoot down the appellate decision after we send the case back to the district court for our decision to be carried out. That is not a strategy that will or should work**.") (citing *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987) ("Failure to honor [the law of the case doctrine's] commands can only result in chaos.")) (emphasis added).

II. **Because the Municipal Ordinances Cited by Defendants Do Not Include a Punishment, They Are Facially Unconstitutional.**

The municipal ordinances cited by defendants do not state any punishment. [Doc.63-1/Pg.4 (17-103), 6 (17-71), 8 (73.21)] Because no punishment is stated, the statutes are facially unconstitutional. *See Ex Parte Tulley*, 199 So.2d 812, 822-824 (Ala. 2015). Notably, perhaps hoping the omission would cause counsel and the Court to miss this issue, defendants did not put into evidence section 17-1 of the Huntsville Code,[1] which appears to be identical to a part of the City of Jacksonville municipal code that the *Tulley* court held could not save a statute that did not include a punishment. 199 So. 2d at 814-15, 821-24.

---

[1] https://library.municode.com/al/huntsville/codes/code_of_ordinances.

## III. The Alabama Stop and Identify Statute, as Construed by the Eleventh Circuit, Precludes Defendants from Making Any Probable Cause Argument Based on Edger's Refusal to Provide an ID Card.

A municipal ordinance is not permitted to prohibit something state law specifically permits. *Ex. Parte Tulley*, 199 So. 2d at 821 (citations omitted). The Eleventh Circuit held that the "plain text of [§ 15-5-30] is so clear that no reasonable officer could have interpreted it to permit Mr. Edger's arrest for failing to produce his 'ID' or 'driver's licence.'" *Edger v. McCabe*, 84 F.4th 1230, 1238-39 (11th Cir. 2023). The court explained:

> Section 15-5-30 does not require anyone to produce an "ID" or "driver's license" as Officer McCabe demanded. Indeed, it does not require anyone to produce anything. Instead, it grants Alabama police the authority to request three specific pieces of information. Here, the video evidence is clear that neither Officer McCabe nor Officer Perillat asked for Mr. Edger's name or address. Additionally, Mr. Edger's objection was clearly related to the unlawful demand that he produce physical identification. When asked, "What are y'all doing?" he responded to Officer McCabe and explained they were fixing the car and that it belonged to a customer. When he stood up to answer more of her questions, the video shows he continued explaining who the owner of the car was and began explaining how they could verify the information before he was abruptly arrested by Officer Perillat. **Because the Alabama statute, by its plain text, does not permit the police to demand physical identification**, the officers lacked probable cause and thus violated Mr. Edger's Fourth Amendment rights by arresting him.

*Id.* at 1238 (emphasis added). Accordingly, defendants cannot argue Edger's failure to provide an ID card supports probable cause under any statute or ordinance.

8

**IV.     Even if the Ordinances Were Not Facially Unconstitutional, Defendants Did Not have Probable Cause or Arguable Probable to Arrest Edger for Violating Them or Ala. Code § 32-8-83.**

In arguing probable cause for Huntsville Code §§ 17-103 (loitering) and 17-71 (interference with an emergency call) and Ala. Code § 32-8-83 (damaging a vehicle), defendants recycle the same factual arguments that were rejected by the Eleventh Circuit based on Edger's lawful refusal to provide an ID card and that ignore, among other things, that Edger was obviously who he said he was (a mechanic working on a car) and Edger's efforts to get defendants to contact the owner of the car. As for 73.21 (the shadetree mechanics ordinance), Edger was obviously not working as a shadetree mechanic. He was not performing "repair and/or body work" within the meaning of the statute. Moreover, by any reasonable construction of the ordinance, an employee of the church is fairly considered a "member of the [church] household" entitled to work on a vehicle. In summary, even these laws simply cannot be reasonably stretched to justify the arrest of Edger.

## CONCLUSION

For the above-stated reasons and those stated in plaintiff's original motion, this Court should grant plaintiff's motion and enter judgment against McCabe and Perillat and for plaintiff as to liability regarding plaintiff's § 1983 false arrest claim against defendants.

9

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Henry F. (Hank) Sherrod III