FILED
2024 May-01 PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROLAND EDGER,<br><br>    Plaintiff<br><br>v.<br><br>KRISTA MCCABE;<br>CAMERON PERILLAT; and the<br>CITY OF HUNTSVILLE,<br>ALABAMA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 5:19-cv-01977-LCB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING
THE LAW-OF-THE-CASE DOCTRINE AND IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Eleventh Circuit has summarized the law-of-the-case doctrine as follows:

> The law of the case doctrine was created to ensure that authority and responsibility remain properly allocated among the courts. The doctrine is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice.

*Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1510 (11th Cir. 1987).

The doctrine applies to findings of fact and conclusions of law. *This That & the Other Gift & Tobacco, Inc. v. Cobb County*, 439 F.3d 1275, 1283 (11th Cir. 2006) (per curiam). "The doctrine's central purposes include bringing an end to litigation,

protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005). The doctrine "promotes the finality and efficiency of the judicial process." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815 (1988). "[A]n argument or issue that was not expressly addressed but was decided by necessary implication in the earlier decision is covered by the law of the case doctrine and the mandate rule." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 847 (11th Cir. 2018). The Supreme Court recognizes the law-of-the-case doctrine, *see Musacchio v. United States*, 577 U.S. 237, 244-45 (2016), and "[l]egions of cases, both in trial courts and appellate courts, illustrate law-of-the-case refusals to reconsider a matter once resolved in a continuing proceeding." C. Wright et al., 18B Fed. Prac. & Proc. Juris. § 4478 & n.22 (3d ed.) (citing cases from the federal, D.C., 5th, 6th, 7th, 8th, 9th, and 10th circuits).

Because the issues of probable cause and arguable probable cause were considered and decided by the Eleventh Circuit on an undisputed record, this Court does not have the discretion to consider new arguments on those issues. *Cf. Harris v. Wingo*, No. 22-10905, 2023 WL 3221640 at *4-5 (11th Cir. May 3, 2023) (law-of-the-case doctrine did not apply regarding prior appellate decision affirming denial of summary judgment because the decision did not resolve the disputed factual issue of

2

whether the plaintiff refused to provide his full name or date of birth). Defendants do not get a second bite of the apple. *See Winn-Dixie Stores, Inc.*, 881 F.3d at 846-47 ("The defendants also could have made their new, belated arguments in a petition for rehearing after our decision was issued. But they didn't bother to file one. Apparently, their idea of a good strategy is not to fire all of one's shots in the court of appeals but to save a couple of rounds to shoot down the appellate decision after we send the case back to the district court for our decision to be carried out. That is not a strategy that will or should work.").

Other circuits follow the same rule. *See, e.g.*, *Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*, 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 Fed.Appx. 146, 156 (5th Cir. 2015) (per curiam) (explaining that "new legal argument" on remand concerning an issue that was previously decided was "plainly foreclosed by the law-of-the-case doctrine and the related doctrine of waiver"); *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016) ("Stull had the chance and incentive to present [its new arguments] at earlier stages in the proceedings; it has enjoyed vigorous representation by counsel throughout several years of proceedings; no one cites any new legal or factual developments that have intervened since the time of our last decision; and it

3

would be unfair to Entek and a waste of judicial resources for this court to entertain any further new arguments on old issues, like some sort of extended game of litigation whack-a-mole.").

The Eleventh Circuit's decision in *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437 (11th Cir. 1984) (per curiam), is analogous. In *Wheeler*, the district court initially found that the defendants violated plaintiffs' fourteenth amendment rights in connection with an ordinance preventing plaintiffs from building an apartment complex and granted them equitable relief but denied them damages based on qualified immunity. *Id.* at 1438. On appeal, the former Fifth Circuit affirmed as to liability and remanded for consideration of damages. *Id.* On remand, the district court ruled against the plaintiffs regarding damages. *Id.* at 1439. In reversing, the Eleventh Circuit stated as follows: "The *Wheeler* court affirmed the district court's finding of liability. We conclude that it also, if not explicitly, at least by necessary implication, decided that the unconstitutional conduct upon which that finding was predicated had damaged plaintiffs." *Id.* at 1441. Just as the *Wheeler* decision, by necessary implication, decided that the plaintiffs were entitled to damages, the Eleventh Circuit's liability decision here, by necessary implication, decided that the probable cause and arguable probable cause did not exist for the new crimes raised on remand by defendants.

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Henry F. (Hank) Sherrod III