# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROLAND EDGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: 5:19-cv-01977-LCB |
| | ) | |
| KRISTA MCCABE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL BRIEF OF DEFENDANTS

Pursuant to this Court's order (doc. 70), defendants Officer Krista McCabe ("Officer McCabe") and Officer Cameron Perillat ("Officer Perillat") submit this supplemental brief on the law-of-the-case doctrine:

The law-of-the-case doctrine "is not an inexorable command." White v. Higgins, 116 F.2d 312, 317 (1st Cir. 1940); see also Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir. 1984). Plainly stated, there are three exceptions to the doctrine. The doctrine does not apply "when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Robinson, 690 F.2d 869, 872 (11th Cir. 1982). This case fits firmly within the first exception which recognizes that "the law of the case is the law made on a given set of facts, not law yet to be made on different

facts." <u>Jackson v. State of Alabama State Tenure Comm'n</u>, 405 F.3d 1276, 1283 (11th Cir. 2005).

Put differently, the doctrine is inapplicable when the appellate decision rests on a record that can change with further proceedings. <u>See</u> <u>Jackson</u>, 405 F.3d at 1284; <u>see also</u> <u>Shelkofsky v. Broughton</u>, 388 F.2d 977 (5th Cir. 1968) (reversal of summary judgment for trial by jury would not preclude district court from later entering summary judgment or judgment as matter of law if evidence offered at trial was insufficient to warrant submission to jury). Thus, the doctrine has no applicability where, as here, the evidence and arguments presented at trial will differ from those presented at summary judgment. <u>See, e.g.</u>, <u>Jackson</u>, 405 F.3d at 1283 ("When the record changes, which is to say when the evidence and the inferences that may be drawn from it change, the issue presented changes as well.").

To be clear, and in contrast to plaintiff's assertions, Officers McCabe and Perillat are not asking this Court to reconsider the existence of probable cause or arguable probable cause for violations of Ala. Code § 13A-10-2 (1975), Ala. Code § 15-5-30 (1975), and/or Ala. Code § 32-6-9 (1975). Nor could they. The Eleventh Circuit has decided those issues and that decision is now the law of the case. But that is not the end of the analysis. "Unlike res judicata, law of the case does not operate to bar subsequent consideration of matters that could have been, but were not, raised and resolved in the earlier proceeding. Like the doctrine of collateral estoppel, it

prohibits relitigation only of matters decided, expressly or by necessary implication, in the prior appellate proceeding." Signal Oil & Gas Co. v. Barge W-701, 654 F.2d 1164, 1169 (5th Cir. 1981); see also Alpha/Omega Ins. Services, Inc. v. Prudential Ins. Co. of America, 272 F.3d 276, 279 (5th Cir. 2001); Universal Guar. Life Ins. Co. v. Coughlin, 481 F.3d 458, 462 (7th Cir. 2007).

Both Officers McCabe and Perillat have asserted affirmative defenses based on Devenpeck v. Alford, 543 U.S. 146 (2004). (Doc. 15 at pp. 11-12 and doc. 16 at p. 11). The Eleventh Circuit determined that Officers McCabe and Perillat lacked probable cause or arguable cause for three specific offenses but it did not find that they lacked probable cause or arguable probable cause for **any** arrest on **every** criminal offense. As such, since there are alternative grounds for upholding Edger's arrest that were not considered or ruled upon by the Eleventh Circuit (see doc. 62, pp.16-26), the law-of-the-case doctrine does not preclude defendants from relying upon them at trial in contesting section 1983 false arrest liability. Newman v Ormond, 456 F. App'x 866, 867 (11th Cir. 2012) (law-of-the-case doctrine "only bars consideration of "those legal issues that were actually, or by necessary implication, decided in the former proceeding") (internal quotation marks omitted); Otero v. NewRez, LLC, No. 23-10622, 2024 WL 325341, at *1 (11th Cir. Jan. 29, 2024) (law-of-the-case doctrine "do[es] not extend to issues the appellate court did not address").

Moreover, Officers McCabe and Perillat did not waive or forfeit their current Devenpeck arguments by not asserting them in their initial motion for summary judgment. See Aman v. Dillon Companies, Inc., 645 F. App'x 719, 722-23 (10th Cir. 2016) (holding that employer did not waive affirmative defense by not raising it in motion for summary judgment where employer did plead it in its answer to plaintiff's complaint); Kindle v. City of Jeffersontown, Ky., 589 F. App'x 747, 755 (6th Cir. 2014) ("[W]e have never required a defendant who has properly pled an affirmative defense in his answer—as is the case here—to also file a motion for summary judgment in order to preserve the affirmative defense. This is not surprising because Federal Rules of Civil Procedure 8(c) requires only that an affirmative defense be included in a responsive pleading, not that it be the subject of a pretrial motion, and plaintiffs have identified no authority suggesting otherwise."); Franks v. Indian Rivers Mental Health Ctr., 2014 WL 868104, at *6 (N.D. Ala. Mar. 5, 2014), aff'd in part, rev'd in part sub nom. Simmons v. Indian Rivers Mental Health Ctr., 652 F. App'x 809 (11th Cir. 2016) ("The Federal Rules of Civil Procedure require affirmative defenses to be asserted in a defendant's Answer . . . The Rules establish no obligation for a defendant to seek a summary judgment as a matter of law based on affirmative defenses raised in its Answer."); Greenberg v. U.S. Dept. of Treasury, 10 F. Supp. 2d 3, 23 (D. D.C. 1998); Alcantar v. Hobart Service, 2013 WL 228501 (C.D. Cal. Jan. 22, 2013); see also Crocker v. Piedmont Aviation, Inc., 49 F.3d 735,

738–741 (D.C. Cir. 1995)("[F]orcing appellees to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of appeals more than it would streamline the progress of the litigation").

Finally, as this Court acknowledged at the last hearing, the decision to reopen summary judgment is a matter of the Court's discretion. See Fernandez v. Bankers Nat. Life Ins. Co., 906 F.2d 559, 569 (11th Cir. 1990). Here, as mentioned above, probable cause and/or arguable probable cause exists for several different criminal offenses not yet considered in this litigation. (See doc. 62 at pp. 16-26). As a result, and because qualified immunity provides immunity from trial not just liability, there is sound reason for the Court to reopen summary judgment and address these matters via rule 56 of the Federal Rules of Civil Procedure before the case is tried.

In summary, Officers McCabe and Perillat had probable cause and/or arguable probable cause to arrest Edger for any number of criminal offenses proscribed by local and/or state law, including, but not limited to, sections 17-103, 17-71, and 73-21 of the City of Huntsville, Alabama Code of Ordinances as well as Ala. Code § 32-8-83 (1975). Since none of these alternative grounds for upholding Edger's arrest were considered or ruled upon by the Eleventh Circuit, the law-of-the-case doctrine does not prevent defendants from contesting liability at trial on these bases. In other words, Edger is not entitled to proceed to trial solely on the issue of damages, but instead must prove section 1983 liability too.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
L. Franklin Corley IV (ASB-7350-T73C)
Stephanie Margaret Hall (ASB-1050-F67A)

**Attorneys for defendants Officer Krista McCabe, Officer Cameron Perillat, and City of Huntsville, Alabama**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email:  cgb@lanierford.com
        lfc@lanierford.com
        smh@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

HENRY F. (HANK) SHERROD III
**HENRY F. SHERROD III, P.C.**
119 South Court Street
Florence, Alabama 35630
Telephone: (256) 764-4141
Facsimile: (877) 684-0802
Email: hank@alcivilrights.com

*S/C. Gregory Burgess*
C. Gregory Burgess