FILED

2024 May-21  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ROLAND EDGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:19-cv-1977-LCB** |
| | ) | |
| **KRISTA MCCABE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Today, the Court considers Plaintiff Roland Edger's renewed motion for partial summary judgment after the Eleventh Circuit denied summary judgment for the Defendants on qualified immunity grounds. (Doc. 60). Because a denial of summary judgment on a claim of qualified immunity does not establish liability for the underlying conduct, the motion for partial summary judgment is **DENIED**.

## I.  LEGAL STANDARD

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There's no dispute about the material facts, because "the entirety of the encounter between Mr. Edger and the police was captured on the police officers' body-worn and dash cameras." *Edger v. McCabe*, 84 F.4th 1230, 1233 (11th Cir.

2023); *see Scott v. Harris*, 550 U.S. 372, 381 (2007). Because the facts are undisputed at this stage, the only remaining question is whether Edger is entitled to judgment as a matter of law. *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) ("When the only question a court must decide is a question of law, summary judgment may be granted.").

## II.   BACKGROUND

The facts here are undisputed and have not changed since the Court last heard the parties' cross motions for summary judgment. To make a long story short, Roland Edger was arrested while working on a customer's vehicle in a church parking lot. *See Edger v. McCabe*, 84 F.4th 1230, 1233-35 (11th Cir. 2023). After charges were dropped, Edger brought a federal false-arrest claim against Officers McCabe and Perillat, and a state false-arrest claim against the officers and the City of Huntsville. *Id.* at 1235.

After the parties cross-moved for summary judgment, this Court granted summary judgment to the Defendants on qualified immunity grounds (Doc. 46 at 21). The Court found that although Officers McCabe and Perillat had no *actual* probable cause to believe that Edger violated Ala. Code §§ 13A-10-2(A) or 32-6-9, the officers did have arguable probable cause to believe that Edger violated Ala. Code § 13A-10-2(A). (*Id.* at 13-19). As a result, the Court held that "Defendants [were] entitled to summary judgment . . . by a hair's breadth." (Doc. 46 at 2).

2

On appeal, the Eleventh Circuit reversed and remanded this Court's grant of qualified immunity, holding that "Officers McCabe and Perillat violated Mr. Edger's clearly established Fourth Amendment rights when they arrested him with neither actual, nor arguable, probable cause." *Edger*, 84 F.4th at 1240. The Court of Appeals also vacated this Court's "dismissal of the state law claims and remand[ed] for further proceedings." *Id.* at 1241. On remand, Edger submitted this renewed motion for partial summary judgment on his federal false arrest claim.

## III.  ANALYSIS

In his motion, Edger argues that because "[t]he Eleventh Circuit has held that Edger's Fourth Amendment rights were violated . . . the law-of-the-case doctrine requires that this Court enter judgment in Edger's favor as to liability on plaintiff's § 1983 false arrest claim." (Doc. 60 at 3). As a result, Edger submits, the only remaining issues for trial are compensatory and punitive damages stemming from his claims. (*Id.* at 10).

That is incorrect for a few reasons. To begin with, Edger's *state-law* claims against the Officers and the City of Huntsville will persist to trial. The Court of Appeals vacated this Court's grant of summary judgment on those claims because, at least on the record available at this stage, "there was no arguable probable cause." *Edger*, 84 F.4th at 1241. And although Edger's brief states that "he will voluntarily dismiss his state law false arrest claim," (Doc. 60 at 10), he has yet to request that

those claims be dismissed, so they will remain an issue for trial until he does so. *See* Fed. R. Civ. P. 41(a)(2) (requiring a court order to dismiss a case after an answer or motion to dismiss are filed and giving courts discretion to dismiss "at the plaintiff's request").

The heart of Edger's argument, however, is that the Eleventh Circuit's denial of qualified immunity also determined the liability issue, and that determination binds this Court as the law of the case. There's no dispute that the law-of-the-case doctrine requires that "an appellate decision on an issue must be followed in all subsequent trial court proceedings." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985). Nor is there any dispute that although the doctrine "applies to all issues decided expressly or by necessary implication; it does not extend to issues the appellate court did not address." *Id.* For that reason, the correct inquiry here is whether the Eleventh Circuit decided the issue of liability "expressly or by necessary implication." *Id.*

### A.    The law-of-the-case doctrine does not apply because the Court of Appeals did not decide the liability issue.

Edger's arguments are ultimately rooted in a misunderstanding of the language in the Eleventh Circuit's decision. The Court of Appeals found that "Officers McCabe and Perillat violated Mr. Edger's clearly established Fourth Amendment rights when they arrested him with neither actual, nor arguable, probable cause." *Edger*, 84 F.4th at 1240. An ordinary person could be forgiven for

reading that sentence as a declaration of that the Officers are liable, especially because the qualified immunity and liability analyses are nearly identical for false arrest claims. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) (defining a valid § 1983 false arrest claim as "[a]n arrest without a warrant and lacking probable cause."). Even so, that reading of the opinion above would be inconsistent with clear precedent in the Supreme Court and in this circuit.

Based on that precedent, Edger's motion for partial summary judgment is denied for two reasons. First, the only issue considered by the Court of Appeals was "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions," and the issue was decided on an incomplete record. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). Second, and for similar reasons, the firewall between the issues of qualified immunity and liability means that the Court of Appeals can't have decided the "conceptually distinct" issue of liability, expressly or by implication, because it did not consider the liability issue. *Mitchell*, 472 U.S. at 527.

To the first point, the procedural posture matters. The Court of Appeals doesn't decide any facts on a summary-judgment appeal; it simply views them "in the light most favorable to the nonmovant." *Hadley v. Gutierrez*, 526 F.3d 1324, 1328 (11th Cir. 2008). Indeed, "the 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial." *Cottrell v. Caldwell*, 85 F.3d

1480, 1486 (11th Cir. 1996). For that reason, "[w]hen the record changes" after summary judgment, "which is to say when the evidence and the inferences that may be drawn from it change, the issue presented changes as well." *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005). That's why, for example, the law-of-the-case doctrine does not apply when "a *subsequent trial* produces substantially different evidence." *Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1360 (11th Cir. 2014) (emphasis added).[1] The practical implication here is that nothing prevents the Defendants from introducing *new* evidence of probable cause at trial, as indicated in their response. *See Harris v. Wingo*, 2023 WL 3221640, at *3 (11th Cir. May 3, 2023) (affirming trial court decision to allow evidence of arguable probable cause at trial following appeals court denial of qualified immunity for lack of arguable probable cause).

Furthermore, "appellate court[s] reviewing the denial of the defendant's claim of immunity" at the summary judgment stage "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). The only question a court of appeals must determine "is a question of law: whether

---

[1] The Eleventh Circuit "recognizes three exceptions to the law of the case doctrine: when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Lebron*, 772 F.3d at 1360 (cleaned up). The Court does not consider these exceptions because the issue of liability was not decided by the panel, so there's no need to consider whether an exception applies.

the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Id.* That is exactly what the Court of Appeals did when it conducted its *de novo* review of this Court's summary judgment ruling, "applying the same legal tests as the district court." *Edger*, 84 F.4th at 1235 (citing *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017)).

Second, a denial of qualified immunity at the summary judgment stage does not establish liability for the underlying conduct, because "[a] claim of immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." *Mitchell*, 472 U.S. at 527-28. In this procedural posture, a denial of qualified immunity "finally and conclusively determines the defendant's claim of right not to stand trial on the plaintiff's allegations," nothing more. *Id.* at 527 (explaining why a denial of summary judgment on qualified immunity is appealable).

For these reasons, the law-of-the-case doctrine does not apply, and Edger is not entitled to summary judgment on his § 1983 claims.

**B.     The case should proceed to trial.**

So where to go from here? Defendants suggested during oral argument that the Court should reopen summary judgment so that they can re-litigate the qualified immunity question before proceeding to trial. In support, the Defendants' brief in opposition cited four brand new state and municipal statutes that might provide

arguable or actual probable cause. (Doc. 62 at 14). The Court declines to adopt that suggestion, because reopening summary judgment on these new grounds would be procedurally improper and profoundly unfair to the plaintiff.

To be sure, a defendant who's denied qualified immunity is "entitled to interlocutor[y] appeal[s]" at both the motion to dismiss and summary judgment stages, "even where it results in two pretrial appeal proceedings in a single lawsuit." *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996). But defendants are not entitled to *infinite* bites at the qualified immunity apple on summary judgment. To the contrary, the effect of the Eleventh Circuit's decision was to "finally and conclusively" reject Officers McCabe and Perillat's "claim of right not to stand trial on the plaintiff's allegations." *Mitchell*, 472 U.S. at 527.

When pressed at oral argument, counsel for the Defendants could not identify any limiting principle to the theory that defendants can bring new motions for summary judgment asserting new grounds for probable cause each time they lose— likely because there is no limiting principle. Under this theory, defendants claiming qualified immunity could hold back grounds for probable cause for no other reason than to keep their powder dry for another volley if the first argument fails. Worse, such defendants could lead courts and plaintiffs on an endless snipe hunt through the state and municipal codes, raising grounds for probable cause one at a time until the sun explodes or the plaintiffs run out of money, whichever comes first.

8

Counsel for the Defendants asserts they did not know these statutes existed when defendants moved for summary judgment. But arguments have consequences, and the consequence of being denied qualified immunity at the summary judgment stage is that defendants must now defend themselves at trial.

This does not mean that Officers McCabe and Perillat have lost the ability to raise qualified immunity as a defense. Where "a government official moves for summary judgment asserting entitlement to qualified immunity . . . [and] the official's motion does not succeed . . . then his qualified immunity defense remains intact and proceeds to trial." *Simmons v. Bradshaw*, 879 F.3d 1157, 1163-64 (11th Cir. 2018); *see Cottrell*, 85 F.3d at 1487 ("[A] defendant who does not win summary judgment on qualified immunity grounds may yet prevail on those grounds at or after trial on a motion for a judgment as a matter of law." (alteration in original) (quoting *Kelly v. Curtis*, 21 F.3d 1544, 1546 (11th Cir. 1994))). But proceed to trial they must.

## IV.   CONCLUSION

For these reasons, the Renewed Motion for Partial Summary Judgment (Doc. 60) is **DENIED**. The parties are reminded that their attendance is required at a pretrial conference at 10:00am on Wednesday, May 22, 2024, and should be prepared to discuss all pertinent issues, including the possibility of pre-trial settlement.