# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROLAND EDGER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 5:19-cv-1977-LCB |
| **KRISTA MCCABE,** *et al.*, | ) |
| **Defendants.** | ) |

## PRETRIAL ORDER

On May 20, 2024, this Court continued the trial date in the above case. (Doc. 81). Two days later, the parties attended an in-person conference. Per the parties' agreement during that conference, a motions hearing on all pending pre-trial motions is scheduled for **October 1, 2024 at 10:00 am**, and a final pretrial conference is scheduled for **October 16, 2024 at 10:00 am**.

1. Appearances. Appearing at the conference were:

   For plaintiff:  Henry F. Sherrod, III

   For defendants:  C. Gregory Burgess

2. Jurisdiction and Venue.

   (a) The court has subject matter jurisdiction of this action under the following statutes, rules or cases:  28 U.S.C. §§1331 and 1343(a)(4).

   (b) All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

(c) Personal jurisdiction and/or venue are not contested.

3. Parties and Trial Counsel.  Any remaining fictitious parties are hereby **STRICKEN**. The parties and designated trial counsel are correctly named as set out below:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff: | Roland Edger | Henry F. Sherrod, III |
| Defendants: | Krista McCabe, Cameron Perillat, & The City of Huntsville, Alabama. | C. Gregory Burgess, Stephanie Margaret Hall, & L. Franklin Corley, IV. |

4. Discovery and Other Pretrial Procedures.

(a) Pretrial Discovery.

Pursuant to previously entered orders of the court, discovery is closed.

(b) Pending Motions.

None.

5. Trial Date.

(a) This case is set for Jury trial on **October 21, 2024, at 9:00 a.m.**

(b) The trial of this matter is expected to last 3-4 days.

8. Exhibit A.  The parties are to comply fully with each provision contained in Exhibit A –Pretrial Procedures.

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

**DONE** and **ORDERED** May 31, 2024.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

# EXHIBIT A -- PRETRIAL PROCEDURES

1. **Damages**.  No later than **October 11, 2024** the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought, including the amount requested, and, where applicable, the method and basis of computation.

2. **Motions in Limine.**  Motions in limine must be filed no later than **September 15, 2024**.  Any response is due five (5) days thereafter.  No replies are permitted.

3. **Voir Dire**.  No later than **October 11, 2024** each party shall submit any special questions or topics for voir dire examination of the jury venire to the Clerk's office (for delivery to the judge's chambers).  The parties shall also e-mail same in Word format to *burke_chambers@alnd.uscourts.gov*.

4. **Witnesses – Exchange of Lists**.

    (a)  **Expert Witnesses**.  No later than **September 15, 2024,** the parties shall file and serve a list stating the names and addresses of all expert witnesses whose testimony may be offered at trial.

    (b)  **Witnesses**.  No later than **October 4, 2024**, the parties shall file and serve a list stating the names and addresses of all witnesses whose testimony they may offer at trial.

    (b)  **Contents of List**.  The parties shall appropriately indicate on their witness lists:  (1) the "primary" witnesses - those witnesses whose testimony the party expects to offer; (2) the "optional" witnesses - those witnesses whose testimony the party expects will not be needed, but the party has listed to preserve its right to offer such testimony should the need arise in light of developments at trial; and (3) "deposition testimony" -  those witnesses the party expects to present by means of depositions with a cite to the page and lines counsel anticipates reading at trial.

5. **Use of Depositions at Trial**.

    (a)  Before trial, counsel must provide the courtroom deputy with a copy of all depositions to be used as exhibits at trial.

    (b)  Within ten (10) days of receiving the opposing party's witness list designating witnesses whose testimony will be presented by deposition, a party may serve and file (1) the additional pages and line numbers of the deposition to be used; and (2) objections to the opposing party's designated

        testimony. Objections should include excerpts from the deposition testimony to which the objection related.

    (c)    Use of videotape depositions is permitted and the parties must make good faith efforts to agree on admissibility or edit the videotape to resolve objections.

    (d)    In a non-jury trial, for any deposition offered as a trial exhibit, counsel shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition testimony, with line and page citations.

**6.** **Exhibits**.

    (a)    **Exchange of lists**. No later than **September 30, 2024**, the parties shall file and serve a list of all exhibits to be used at trial. Exhibits shall be made available for inspection at the same time.

        The parties shall identify those exhibits that the party expects to offer and those exhibits that the party may offer if the need arises.

    (b)    **Objections and Stipulations.** Within three (3) days of receiving the opposing party's Exhibit List, the parties shall immediately meet and confer regarding any objections to the listed exhibits. The parties should stipulate as to the admissibility of as many exhibits as possible. If the parties cannot agree, an opposing party shall serve and file objections at least ten (10) days before trial.

    (c)    **Counsel requiring authentication** of an opponent's exhibit must notify offering counsel in writing within ten (10) days after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

    (d)    **Marking**. Each party that anticipates offering more than five (5) exhibits as substantive evidence shall premark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The Court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court. Counsel <u>must</u> contact the courtroom deputy for the appropriate exhibit list form for use at trial.

- (e) **Court's Copies**.  In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits (to the extent possible and practical), including the filed Exhibit List.

- (f) **Special and Visual Exhibits**.  Should either side desire to present exhibits via projection onto a screen or monitor or by enlargement, counsel shall advise opposing counsel which documents it plans to present at least seven (7) days before trial.

7. **Trial Submissions to Court**.

   (a) At least ten (10) days before trial, each party *may* submit the following to the Clerk's office (for delivery to the judge's chambers):

   - (i) A listing of what each party understands to be the essential elements of each of Plaintiff's claim(s) (separate listing for each claim).

   - (ii) A listing of what each party understands to be the essential elements of each Defendant's defense(s) (separate listing for each defense).

   - (iii) A listing of what each party understands to be the essential elements of each Defendant's counterclaim(s), if any (separate listing for each counterclaim).

   - (iv) A listing of what each party understands to be the essential elements of each defense to any Defendant's counterclaim, if any (separate listing for each defense).

   - (v) A listing of any special evidentiary or other anticipated legal problems with citation to legal authority that supports the party's position.

   (b) Parties may, if they desire, file trial briefs.  Any such briefs must be filed at least ten (10) days before trial.  Opposing parties may respond to such trial briefs at least five (5) days prior to trial.  The briefs, if any, should not exceed ten (10) typed pages.  Additionally, three-hole punched and bound courtesy copies of all briefs must be submitted to the Clerk's office for delivery to the judge's chambers, as well as emailed to the chamber's email address at *burke_chambers@alnd.uscourts.gov* in Word format.

**8.    Jury Charges**.

No later than **October 11, 2024**, the parties shall file a **single, joint proposed jury charge**, including all necessary instructions, or definitions applicable to the specific issues of the case. The parties need not submit standard generic instructions regarding routine matters, *e.g.*, burden of proof, credibility of witnesses, duty of jurors, etc.

(a)   **Each** requested **instruction** must be numbered and presented on a separate sheet of paper with authority cited.

(b)   In their joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including: (1) the *prima facie* elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages. Counsel are to use the Eleventh Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified and accompanied with legal authorities for the proposed deviation.

(c)   Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, **unified** charge. Each disputed instruction, definition, or question should be set out in bold type, underlined or italics and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language. Accompanying each instruction shall be all authority or related materials upon which each party relies. **The parties shall also email the unified charge, in Word format, to the chamber's email address at *burke_chambers@alnd.uscourts.gov*.**