
FILED
2024 Oct-17 PM 05:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ROLAND EDGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **Case No.: 5:19-cv-1977-LCB** |
| | ) |
| **KRISTA MCCABE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

Before the Court are the parties' motions in limine. (Docs. 77, 80). The Court conducted a pre-trial conference and hearing on the motions on October 10, 2024, and held supplemental arguments on Plaintiff Roland Edger's first motion in limine on October 15, 2024.

For the reasons below, the Court **RESERVES IN PART** and **GRANTS IN PART** Edger's first motion in limine, and **GRANTS** without objection Edger's second, third, and fourth motions. (Doc. 77).

The Court further **GRANTS** Defendants' first, second, fourth, and fifth motions in limine, **RESERVES FOR TRIAL** a ruling on Defendants' third motion, and **GRANTS** Defendants' sixth motion only as to damages. (Doc. 80).

I. **Edger's Motions in Limine**

First, Edger asks the court to exclude "[e]vidence or argument suggesting that there was probable cause or reasonable suspicion to believe Edger was committing any crime or was otherwise acting wrongfully or suspiciously in connection with the incident by failing to provide an ID card or voluntarily providing his name or otherwise." (Doc. 77 at 1). Edger's first motion in limine is **RESERVED IN PART** and **GRANTED IN PART**.

Read closely, Edger's first motion can be broken down into three parts:

(1) exclusion of evidence or arguments that "Edger was committing any crime,"
(2) exclusion of evidence or arguments that Edger "was otherwise acting wrongfully or suspiciously . . . by failing to provide an ID card," and
(3) exclusion of evidence or arguments that Edger "was otherwise acting wrongfully or suspiciously" by "failing to . . . voluntarily provid[e] his name or otherwise."

*Id.*

The first part is easily resolved. As this Court has already held, "nothing prevents the Defendants from introducing new evidence" at trial that Defendants had probable cause to arrest Edger for crimes other than those rejected by the Eleventh Circuit. (Doc. 84 at 6) (citing *Harris v. Wingo*, 2023 WL 3221640, at *3 (11th Cir. May 3, 2023)). Furthermore, Edger's request encompasses a wide range of potential evidence and arguments. As a result, the Court **RESERVES FOR TRIAL** a ruling

on Edger's request to exclude evidence or arguments that he was committing "any crime."

The second part of Edger's first motion, requesting the exclusion of evidence or arguments that his refusal to provide ID was wrongful or suspicious, is also easily resolved. To the extent Edger could have been "obligat[ed] to" provide his ID, it would "arise[] from state—not federal Constitutional—law." *Edger v. McCabe*, 84 F.4th 1230, 1239 (11th Cir. 2023). There's no such obligation here under state law.

The Eleventh Circuit has already rejected the argument that Edger's failure to provide ID constituted probable cause under Ala. Code §§ 15-5-30 and 32-6-9(a). *Id.* at 1238-40. And because the Court of Appeals did not find, and the parties have not provided, any other "Alabama law that generally requires the public to carry physical identification—much less an Alabama law requiring them to produce it upon demand of a police officer," Defendants have "no state law foundation" to argue that Edger was required to "produce physical identification." *Id.* at 1239. As a result, Edger's motion to exclude evidence or arguments that his failure to provide an ID card was wrongful or suspicious is **GRANTED**.

That brings us to the third part of Edger's first motion in limine. Edger asks the Court to exclude evidence or arguments that his failure to voluntarily identify himself was wrongful or suspicious. (Doc. 77 at 1). On the other hand, Defendants have argued, and have said they plan to argue at trial, that Edger's refusal to "provide

any information concerning his identity" created probable cause to arrest him for violations of municipal and state law. (Doc. 62 at 19).

For example, Defendants have argued that there was probable cause to arrest Edger for violating:

- Huntsville's trespassing ordinance, because "[w]ithout Edger's identification, Officer McCabe was unable to conclude that he had permission to be present" on the premises. (Doc. 62 at 15) (citing Huntsville, Ala. Code § 17-103 (2003));
- Huntsville's ordinance prohibiting any "interference . . . with an emergency response officer in answering an emergency call," because Edger's refusal to "provide any information concerning his identity despite repeated inquiries . . . undoubtedly interfered with Officer McCabe's ability to" respond to the suspicious persons call "in a timely and efficient manner." (*Id.* at 19) (citing Huntsville, Ala. Code § 17-71); and
- Alabama law prohibiting damaging or removing a car or its components without permission, either willfully or with criminal intent, because Edger's "refus[al] to identify himself so Officer McCabe could determine whether he had a right to be removing the tire gave rise to probable cause to believe that he did not have such permission." (*Id.* at 21) (citing Ala. Code § 32-8-83 (1975)).

These arguments have no place at trial. For starters, there is no probable cause for an arrest when "the arrest [is] for the sole purpose of identification." *Tillman v. Coley*, 886 F.2d 317, 320 (11th Cir. 1989). Further, "it has been clearly established for decades" that, absent a contrary obligation under state law, "the police are free to ask questions, and the public is free to ignore them." *Edger*, 84 F.4th at 1239.

So far, Defendant's probable cause arguments rest on a contrary proposition: that a police officer can derive probable cause for a search or arrest from silence or

a refusal to voluntarily identify oneself. To be sure, Edger wasn't completely silent—he engaged with the officer Defendants to inform them that he would not provide his license. But the Court risks a functional abrogation of Edger's Fourth Amendment rights if it permits arguments that Edger's mere refusal to voluntarily identify himself created probable cause for an arrest.

To illustrate the giant leap Defendants are asking the Court to make, imagine that a police officer pulls over an ordinary person for a routine traffic offense. Then imagine that the officer asks for the driver's permission to search the car on a whim, with no reason to suspect the car contains contraband or other evidence of a crime. If the driver refuses to allow that search, it's cursory Fourth Amendment law that their refusal (on its own) can't even justify "prolong[ing] a traffic stop," let alone justify arresting the driver or searching the car. *United States v. Boyce*, 351 F.3d 1102, 1110 (11th Cir. 2003).[1]

Yet Defendants' arguments would have the Court sanction the analogous argument that Edger's *arrest* was valid based only on his lawful refusal to submit to

---

[1] During the October 15 hearing, Defendants seemed to suggest that it's possible for a 911 call to constitute probable cause for an arrest on its own, but the Court is skeptical of that argument. A 911 call no doubt provides reasonable suspicion for an investigatory stop, but arresting officers are still "required to conduct a reasonable investigation to establish probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1435-36 (11th Cir. 1998); *see, e.g.*, *United States v. Fonseca*, 727 F. App'x 985, 990 (11th Cir. 2018) (holding that probable cause for arrest existed where a 911 call (1) described a violent impending crime, (2) came from "a person who intimately knew" the arrestee, *and* (3) the described crime closely correlated with "what the police observed when they arrived on the scene.").

What makes a "reasonable investigation" depends on the circumstances, but the roughly 90 seconds of investigation conducted by the arresting officers here *probably* wasn't sufficient.

a search. As a result, Edger's motion to exclude evidence or argument that his refusal to provide voluntarily identify himself was "wrongful or suspicious" is **GRANTED**.

To summarize the disposition of Edger's first motion in limine, the Court **RESERVES FOR TRIAL** a ruling on Edger's motion to exclude "evidence or arguments that "Edger was committing any crime," and **GRANTS** Edger's motions to exclude evidence or arguments that Edger was "acting wrongfully or suspiciously . . . by failing to provide an ID card," or by "failing to . . . voluntarily provid[e] his name or otherwise." (Doc. 77 at 1).

Edger's remaining motions in limine are straightforward. Edger's second motion is for the exclusion of "[c]ommendations and similar awards received by a defendant, alleged instances in which a defendant allegedly performed well (or in a caring or professional manner) as an officer, or evidence or argument that a defendant's character is inconsistent with plaintiff's allegations." (*Id.* at 2). That motion is **GRANTED** without objection.

Third, Edger moves to exclude "[e]vidence regarding prior and subsequent alleged misconduct by plaintiff or any witness called by plaintiff." (*Id.*). That motion is **GRANTED** without objection.

Fourth, Edger moves to exclude "[e]vidence or argument suggesting that any decision made by any agency regarding whether to bring criminal charges or take

disciplinary action against a defendant has any bearing on the validity of plaintiff's allegations." (*Id.* at 3). That motion is **GRANTED** without objection.

## II.     Defendants' Motion in Limine

First, Defendants move to exclude "[a]ny testimony, evidence, or argument regarding any prior discipline or allegations of wrongdoing against Officers McCabe and/or Perillat." (Doc. 80 at 1). That motion is **GRANTED** without objection.

Second, Defendants move to exclude "[a]ny testimony, evidence, or argument relating to the disposition of plaintiff's criminal case." (Doc. 80 at 2). That motion is **GRANTED**. Although Plaintiff's counsel expressed concern about this motion given Defendants' new probable cause arguments, the parties may still offer excluded evidence or arguments in the event opposing counsel opens the door to challenged evidence at trial.

Third, Defendants move to exclude "[a]ny testimony, evidence, or argument relating to the non-existence of probable cause or arguable probable cause for violations of Ala. Code § 13A-10-2 (obstruction), Ala. Code § 15-5-30 (authority to stop and question), and/or Ala. Code § 32-6-9 (possession and display of license)." (Doc. 80 at 5). For the reasons discussed at the October 10 hearing, the Court **RESERVES FOR TRIAL** a ruling on this motion.

Fourth, Defendants move to exclude "[a]ny testimony, evidence, or argument relating to any other current or previous City of Huntsville cases or involving other officers." (Doc. 80 at 6). That motion is **GRANTED** without objection.

Fifth, Defendants move to exclude "any mention of claims that have been dismissed against Officer McCabe, Officer Perillat and/or the City and payment of any cost of defense by the City." (Doc. 80 at 8). That motion is **GRANTED** without objection.

Sixth, Defendants move to exclude "[a]ny testimony, evidence, or argument regarding the Golden Rule." (*Id.* at 9). Defendant's sixth motion is **GRANTED** only as to damages.

"An impermissible golden rule argument is an argument in which the jury is exhorted to place itself in a party's shoes with respect to damages." *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1071 n. 3 (11th Cir. 1996) (cleaned up). But golden rule arguments *are* allowed when "connect[ed] to an element or factor genuinely at issue in the case, or . . . focus[ed] on either a party's behavior or perception of an incident." *Ermini v. Scott*, 937 F.3d 1329, 1341 (11th Cir. 2019); *McNely*, 99 F.3d at 1071 n. 3 (holding that golden rule arguments "related . . . to the reasonableness of [a party's] actions" are "not impermissible.") (citations omitted).

## III. Conclusion

For all these reasons, the Court **RESERVES IN PART** and **GRANTS IN PART** Edger's first motion in limine, and **GRANTS** Edger's second, third, and fourth motions in limine. (Doc. 77).

The Court further **GRANTS** Defendants' first, second, fourth, and fifth motions in limine, **RESERVES FOR TRIAL** a ruling on Defendants' third motion in limine, and **GRANTS** Defendants' sixth motion in limine only as to damages. (Doc. 80). The parties may reassert their objections at trial as warranted.

Finally, the Court emphasizes that although many of these motions are unopposed, the parties may still offer excluded evidence or arguments if opposing counsel opens the door at trial. If a party's counsel believes that opposing counsel has offered evidence or argument that would open the door to evidence or arguments this order excludes, counsel must approach the bench and make their argument outside the jury's presence.

**DONE** and **ORDERED** October 17, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE